IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

    Plaintiff,                    No. S-07-2526 LEW JFM PS

    vs.

CITY OF WOODLAND, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff names the City of Woodland, three Woodland police officers and Jeff W. Reisig, Yolo County District Attorney as defendants in this action.  Plaintiff alleges claims of false arrest, deprivation of liberty and property, illegal search and seizure, violation of the Human Rights Act, violation of the Freedom of Information Act and the California Information Practices Act, and the intentional and negligent infliction of emotional distress.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

1  omits to perform an act which he is legally required to do that causes the deprivation of which
2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3  Moreover, supervisory personnel are generally not liable under § 1983 for the
4  actions of their employees under a theory of respondeat superior and, therefore, when a named
5  defendant holds a supervisorial position, the causal link between him and the claimed
6  constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
7  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
8  941 (1979). Vague and conclusory allegations concerning the involvement of official personnel
9  in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
10 Cir. 1982).

11 With regard to plaintiff's claims concerning the unlawful deprivation of property,
12 plaintiff has failed to provide sufficient facts to determine whether he has stated a cognizable
13 claim.

14 The United States Supreme Court has held that "an unauthorized intentional
15 deprivation of property by a state employee does not constitute a violation of the procedural
16 requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
17 postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).
18 Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional
19 deprivations constitute actionable violations of the Due Process Clause. An authorized
20 deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
21 Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of
22 Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

23 In the instant case, plaintiff has not alleged any facts which suggest that the
24 deprivation was authorized. The California Legislature has provided a remedy for tort claims
25 against public officials in the California Government Code, §§ 900, et seq. It is unclear whether
26 plaintiff has attempted to seek redress in the state system, thus, plaintiff cannot sue in federal

court on the claim that the state deprived him of property without due process of the law. Unless plaintiff alleges facts suggesting the deprivation was authorized, plaintiff's property claim must be dismissed as frivolous. See 28 U.S.C. § 1915(d).

With regard to plaintiff's claims against defendant Reisig, prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

Plaintiff contends he wrote a letter to the Yolo County District Attorney on December 7, 2006, demanding release of all information contained in his arrest report. To the extent plaintiff seeks to bring an action against defendant Reisig for violation of the Freedom of Information Act, plaintiff has failed to demonstrate that he has complied with the procedures Yolo County has in place that enables pro se litigants to obtain a copy of the police report.[1]

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement

---

[1] The Yolo County District Attorney's office, phone number 530-666-8180, advises that pro per litigants may appear at Department 11 of the Yolo County Superior Court, 725 Court Street, Woodland, California, and request to be placed on the court calendar. The Yolo County Court will then provide the pro per litigant with a minute order which the pro per litigant may then deliver to the district attorney's office to obtain a copy of the police report.

as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. <u>Id.</u> Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

1  copies of the amended complaint; failure to file an amended complaint in accordance with this
2  order will result in a recommendation that this action be dismissed.
3  DATED: March 24, 2008.

                          UNITED STATES MAGISTRATE JUDGE

7  /001; port2526.lta