IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

       Plaintiff,                      No. S-07-2526 LEW JFM PS

    vs.

POLICE OFFICER BARRERO, et al.,

       Defendants.             ORDER

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff names police officers Barrero, Wright and Lundqust,[1] and Yolo County District Attorney Jeff W. Reisig as defendants. Plaintiff alleges constitutional violations including deprivation of liberty, illegal search and seizure, violation of the Freedom of Information Act and California Information Act, as well as the intentional and negligent infliction of emotional distress.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

---

[1] In the title of his case, plaintiff spells this defendant's name as "Lindqust." In the body of the amended complaint, he spells this defendant's name as "Lundqust."

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

The only allegation as to defendant Lundqust states: "All of these actions were supervised by Police [Sergeant] Lundqust #889."

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has not specifically alleged the causal link between defendant Lundqust and the claimed constitutional violations, the court will not order service of process on defendant Lundqust.

However, as to the remaining defendants, Barrero, Wright and Reisig, the amended complaint states a cognizable claim for relief pursuant to 28 U.S.C. § 1915A(b).  Good cause appearing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed April 11, 2008.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a. One completed summons for defendants Barrero, Wright and Reisig;

    b. One completed USM-285 form for defendants Barrero, Wright and Reisig; and

    c. Four copies of the endorsed amended complaint filed April 11, 2008.

3. Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without prepayment of costs.

4. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: May 29, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

    Plaintiff,                    No. S-07-2526 LEW JFM PS

  vs.

POLICE OFFICER BARRERO, et al.,         NOTICE OF SUBMISSION

    Defendants.                  OF DOCUMENTS
_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____    completed summons forms

    _____    completed USM-285 forms

    _____    copies of the Amended Complaint

DATED:

                                                   Plaintiff