IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

    Plaintiff,               No. 2:07-cv-2526 JAM JFM PS

    vs.

CITY OF WOODLAND, et al.,     ORDER AND

    Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. On April 11, 2008, plaintiff filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Presently calendared for hearing on September 18, 2008, is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

        A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b) (6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Balistreri v.

Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976); Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969); Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir.2003).

For a complaint to avoid dismissal pursuant to Rule 12(b)(6), the complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007); Weber v. Department of Veterans Affairs, 512 F.3d 1178, 1181 (9th Cir.2008).  While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1964-65.  Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief.  Id. at 1965 n.3.  Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations.  Robertson v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).  "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.2001), amended by 275 F.3d 1187 (9th Cir.2001).  A Rule 12(b)(6) motion to dismiss should be granted when a plaintiff fails to nudge his or her claims "across the line from conceivable to plausible." Twombly, 127 S.Ct. at 1974.

In civil rights cases involving a plaintiff proceeding pro se, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988).  That is, pro se pleadings are held to

1  a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520
2  (1972).  Specifically, a pro se litigant is entitled to notice of the deficiencies in the complaint and
3  an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  See
4  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.2000); Karim-Panahi, 839 F.2d at 623-624.

Plaintiff alleges that on November 29, 2006, City of Woodland Police Officers Barrero and Wright stopped plaintiff's car on Main Street and ordered plaintiff out of the car because he was under arrest.[1]  No arrest warrant was presented.  When plaintiff asked why he was under arrest, Officer Wright said he would explain to him later, but no explanation was ever provided.  Plaintiff's car was searched and towed, and two checks were seized from plaintiff's wallet.  Plaintiff alleges these actions were taken in conspiracy with District Attorney Jeff Reisig.  Plaintiff was released from jail on December 1, 2006.  Various court dates were held and numerous continuances were granted, but plaintiff concedes a preliminary hearing was held and "Judge Rosenberg found probable cause." (Id. at 4:45.)  On August 20, 2007, the date jury trial was scheduled, the case was dismissed by the district attorney.

Plaintiff's primary claim for relief is brought under 42 U.S.C. § 1983 and arises out of the circumstances of his arrest by defendants Barrero and Wright and subsequent prosecution by defendant Reisig.  Section 1983 creates a private right of action against persons acting under color of state law, to remedy such persons' violation of a plaintiff's constitutionally or federally guaranteed civil rights.  See 42 U.S.C. § 1983; see also, e.g., Monroe v. Pape, 365 U.S. 167, 172 (1961). The first step in a Section 1983 action is to identify the contours of the underlying right said to have been violated.  See Graham v. Connor, 490 U.S. 386, 394 (1989).

From the face of plaintiff's amended complaint, the circumstances of plaintiff's arrest was lawful under California law.  Under California Penal Code § 836,

> (a) A peace officer may arrest a person in obedience to a warrant, or, pursuant to the authority granted to him or her by Chapter 4.5

---

[1] These facts are taken from plaintiff's Amended Complaint, filed April 11, 2008.

> (commencing with Section 830) of Title 3 of Part 2, without a warrant, may arrest a person whenever any of the following circumstances occur: [¶] (1) The officer has probable cause to believe that the person to be arrested has committed a public offense in the officer's presence. [¶] (2) The person arrested has committed a felony, although not in the officer's presence. [¶] (3) The officer has probable cause to believe that the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed.

Cal. Penal Code § 836. In addition, California Penal Code § 847, subdivision (b) states in part:

> There shall be no civil liability on the part of, and no cause of action shall arise against, any peace officer . . . or law enforcement officer . . . acting within the scope of his or her authority, for false arrest or false imprisonment arising out of any arrest under any of the following circumstances: [¶] (1) The arrest was lawful, or the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful; (2) The arrest was made pursuant to a charge made, upon reasonable cause, of the commission of a felony by the person to be arrested; (3) The arrest was made pursuant to the requirements of Section 142, 837, 838, or 839.

Cal. Penal Code § 847, subd. (b). "The usual rule is that a police officer may arrest without warrant one believed by the officer upon reasonable cause to have been guilty of a felony . . . ." Carroll v. United States, 267 U.S. 132, 156, 45 S.Ct. 280, 286 (1925).

The necessary inquiry does not turn on whether there was a warrant or whether there was time to get one, but whether there was probable cause for the arrest. "[I]n any constitutional tort case, including Fourth Amendment-based cases, in which a prosecutor has instigated a prosecution, it is necessary, if not sufficient, that a plaintiff seeking to sue non-prosecutorial officials alleged to be responsible post-complaint for the arrest or prosecution show the absence of probable cause." See Beck v. City of Upland, 527 F.3d 853, 865 (9th Cir. 2008).

Here, plaintiff was arrested pursuant to a felony complaint. The amended complaint makes clear that a preliminary hearing was held in the underlying criminal case. Preliminary hearings are held only in felony cases. See Cal. Penal Code § 859(b).

/////

Plaintiff concedes that Judge Rosenberg found probable cause existed for his arrest. (Amended Complaint at 4.)

In his opposition, plaintiff now argues defendants had no probable cause to arrest him. (Id. at 2.) This bald allegation, without more, is insufficient to contravene the statements in his amended complaint. Moreover, plaintiff appended a copy of the June 20, 2007 criminal information confirming that plaintiff had been charged with three felony counts based on incidents that occurred on September 1, 2006 and September 5, 2006, prior to his arrest.[2] This charging document was sufficient to support the arrest on November 26, 2007, under California law. More importantly, however, plaintiff concedes the state court judge found probable cause. Plaintiff has failed to rebut the finding of probable cause alleged in his complaint. Thus, this claim must be dismissed.

Plaintiff's claims against defendant Yolo County District Attorney Jeff W. Reisig in connection with his arrest and prosecution also fail.

Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See

/////

---

[2] Plaintiff was charged with a violation of Cal. Penal Code § 476a(a), insufficient funds checks over $200 passed with intent to defraud (two counts), and a violation of Cal. Penal Code §§ 484(a) and 487(a), grand theft when value exceeds $400. (Opp'n, Ex. 1 at 2.)

5

1  Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).  In light of prosecutorial immunity,

2  plaintiff's claims against defendant Reisig must also be dismissed.[3]

3          Because this court recommends dismissal of plaintiff's federal law claims, the

4  district court should decline to exercise supplemental jurisdiction over the remaining state law

5  claims under 28 U.S.C. § 1367(c)(3).

6          In accordance with the above, IT IS HEREBY ORDERED that:

7          1.  The September 18, 2008 hearing is vacated; and

8          2.  Defendant's August 12, 2008 request to take judicial notice is granted.

9          IT IS HEREBY RECOMMENDED that defendant's August 12, 2008 motion to

10  dismiss be granted [docket no. 11], and this action be dismissed.

11          These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

16  failure to file objections within the specified time may waive the right to appeal the District

17  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED:  September 9, 2008.

21  /001;portnoy.mtd

UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff also claims defendant Reisig violated plaintiff's rights under the Freedom of Information Act.  However, the Freedom of Information Act applies only to federal agencies and does not create a right of access to the arrest report.  5 U.S.C. § 552.  As noted by defendants, arrest reports are exempt from disclosure under California law.  Cal. Govt. Code § 6254, subd. (f); see, e.g., Furnishing Copies of Arrest or Complaint Reports, 65 Ops. Cal. Atty. Gen. 563 (1982) [while a law enforcement agency must provide certain information about arrests under subdivision (f), the arrest reports themselves are exempt from disclosure].).